UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| JOSE ALBERTO RIVERA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 12-238-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON WITHERS, Acting Warden, | ) | **MEMORANDUM OPINION** |
| United States Penitentiary-McCreary, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Jose Alberto Rivera is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky.[1]  Proceeding without an attorney, Rivera has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Record Nos. 1, 8]   Because a § 2241 petition is not the proper manner of seeking the relief sought, the petition will be denied.

**I.**

In November of 1996, Rivera and five co-defendants were indicted by a federal grand jury in New York for drug and firearms offenses, violations of 21 U.S.C. §§ 841(a)(1) and (b)(1) and 846, and 18 U.S.C. § 924(c)(1), as well as a violation of the Hobbs Act, 18 U.S.C. § 1951.[2]

_____

[1]The current Acting Warden of USP-McCreary, Shannon Withers, will be substituted as the Respondent in this proceeding.

[2]Rivera's petition concerns his 1998 conviction in the United States District Court for the Eastern District of New York.  Due to the date of this conviction, the Court cannot obtain complete information about Rivera's criminal conviction because it pre-dated the online PACER database. As a result, the Court is reviewing the petition based on the allegations in Rivera's original and amended filings and attachments, as well as information obtained from Rivera's subsequent

-1-

*See United States v. Ryan Cambrelen, et al.,* No. 96-CR-1044 (E.D.N.Y. 1996).  Prior to trial, the grand jury returned a superceding indictment and a second superceding indictment against Rivera and his co-defendants.  [*Id.*, at Record Nos. 53, 99 therein]

Rivera proceeded to trial after rejecting the government's proposed plea agreement.  He was subsequently convicted on Counts 1, 2, 3, 7, and 8 of the second superceding indictment. [*Id.*, at Record No. 208 therein]  On November 13, 1998, Rivera was sentenced to a term of imprisonment of 262 months on the drug charges, and a 300 month term of imprisonment on the firearms charges, to run consecutively.  However, due to Rivera's prior felony conviction, this sentence was enhanced to a mandatory life sentence under § 841(b)(1).[3]  [*Id.*]

Rivera and the five co-defendants appealed their convictions and sentences to the United States Court of Appeals for the Second Circuit.  However, on March 6, 2001, the Second Circuit affirmed the convictions and sentences.  *United States v. Cambrelen, et al.,* 5 F. App'x 30, 2001 WL 219285 (2d Cir. 2001).  There is no indication that Rivera filed a petition for a writ of certiorari with the United States Supreme Court or that he subsequently attempted to collaterally attacked his conviction and sentence by filing a motion in the trial court, pursuant to 28 U.S.C. § 2255.

**II.**

Rivera is not challenging any issues which fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation of sentence credits or proceedings which can be accessed through PACER.

[3] On the government's motion, the remaining counts of the indictment and superseding indictment were dismissed.  *Ibid*

-2-

parole eligibility).  *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999).  Instead, he alleges

that his underlying conviction is unconstitutional for various reasons.[4]  However, § 2241 is not

the mechanism for making these claims.  Rather, 28 U.S.C. § 2255(a) provides the primary

avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence,

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally

challenging errors that occurred "at or prior to sentencing."  *Eaves v. United States*, Civ No.

4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010).

   The Court conducts an initial review of *habeas* petitions.  28 U.S.C. § 2243; *Alexander*

*v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  It must deny a petition

"if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled

to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts

(applicable to § 2241 petitions under Rule 1(b)). However, the Court evaluates Rivera's petition

and amended petition under a more lenient standard because he is not represented by an attorney.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

---

[4]Some of these allegations are that: (1) he was denied a fair trial by the trial court's admission of evidence of other crimes and the denial of his motion for severance; (2) there was no basis for the charged violation of the Hobbs Act; (3) the superceding indictment was defective; (4) the trial court lacked jurisdiction to construct an amended indictment; (5) the court erred by failing to give the jury a Rule 404(b) instruction; (6) the trial court failed to make the requisite inquiry with respect to the prior felony information and erroneously applied an enhanced sentence under 21 U.S.C. § 851(a)(1); (7) the evidence was insufficient to sustain his conviction; (8) Count Four of the indictment deficient and uninformative; (9) Count Five of the indictment was constructively amended; (10) Counts Four and Five of the indictment are multiplicious and violate the Double Jeopardy Clause of the U.S. Constitution; (11) the prosecutor engaged in prosecutorial misconduct; and (12) he was denied effective assistance of counsel.

At this stage, the Court accepts Rivera's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). The Sixth Circuit has explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id.* (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id.* However, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Under this framework, Rivera fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin*, 319 F.3d at 804–05. The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, section 2241 is not an

additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims such as those that Rivera attempts to assert here must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757. Accordingly, it is hereby

**ORDERED** as follows:

1.      The Clerk of the Court shall substitute Shannon Withers, Acting Warden of USP-McCreary, as the Respondent to this proceeding.

2.      Rivera's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] and his amended habeas petition [Record No. 8] are **DENIED**.

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This 12th day of July, 2013.

Signed By:

*Danny C. Reeves*     DCR

**United States District Judge**